UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL COMMEAU, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 9-361-B-W |
| | ) |
| MAINE, STATE OF, et al., | ) |
| | ) |
|      Defendants | ) |

**RECOMMENDED DECISION**

Michael Commeau has sued the State of Maine, the Maine Department of Corrections, the Maine State Prison, and Chris Jared, a case worker employed at the prison.  Commeau wants monetary damages for his humiliation and embarrassment resulting from some sort of contretemps involving fellow inmates and "illegal" DVD's brought to the prison by Commeau's wife.  According to the allegations in the complaint Jared was aware that certain inmates intended to retaliate against Commeau because of the DVD's and that these inmates intended to steal his personal belongings. They also threatened him with bodily harm necessitating his removal to segregation as a form of protective custody.  Commeau does not allege that he was physically harmed nor does he allege that the prison inmates acted at Jared's behest.  Rather, the allegation appears to be that Jared did not report to anyone that the inmates were planning an assault on Commeau and to steal Commeau's belongings while he was in segregation. Commeau's requested relief includes monetary damages for the embarrassment and humiliation of being placed in protective custody,  reimbursement for his stolen property and lost wages from the prison industries unit, and injunctive relief in the form of the termination of Chris Jared's employment and a policy change regarding the confiscation of personal property at the State Prison.  Following initial screening of this matter pursuant to 28 U.S.C.A. § 1915A(b),  I

recommend that the court summarily dismiss the action because it both fails to state a claim upon which relief may be granted and it seeks monetary relief from a defendant who is immune from such relief.

### Discussion

The State of Maine, the Maine Department of Corrections, and the Maine State prison are neither "persons" within the meaning of 42 U.S.C. § 1983 nor amenable to a suit for monetary damages in this court due to the Eleventh Amendment to the United States Constitution.  The claims under  42 U.S.C. § 1983 fail because a state and its agencies are not "persons."  Will v. Mich. Dept. of State Police, 491 U.S. 58, 71, (1989).  To the extent the claims arise under the Eighth Amendment's cruel and unusual punishment provision, they fail because there has been no unequivocal abrogation of the State of Maine's Eleventh Amendment immunity.  See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55-56, (1996); Alabama v. Pugh, 438 U.S. 781, 782, (1978).  Commeau sued only state agencies, not officials, and thus there is no basis for invoking Ex parte Young, 209 U.S. 123, (1908) in order to obtain injunctive relief.  See Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002).

Thus the only possible remaining defendant in the case is Chris Jared and the issue is whether Commeau's complaint states the factual basis for a plausible claim for relief against Jared.  I conclude that it does not.  While a complaint need not contain detailed factual allegations, the plaintiff cannot rely entirely on "a formulaic recitation of the elements of a cause of action," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), or an "an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal,__ U.S. __, __, 129 S. Ct. 1937, 1949 (2009), or similarly bald assertions.

Although Commeau's complaint is difficult to follow, I gather that an incident occurred at the Maine State Prison on December 24, 2008, when Commeau says he was asked by fellow

prisoners to bring some DVD's from the recreational area to the living area of the prison.  Apparently

Commeau feels he was "set up" by some of his fellow prisoners in connection with these illegal

DVD's.  (Compl. Form at 3.)  It appears these fellow prisoners threatened to assault Commeau unless

he paid for the DVD's and they knew his wife would pay the money rather than see him assaulted.

(Compl. ¶6.)  While Commeau was in protective custody, apparently as a result of the threats of

assault, some of his personal property went missing, allegedly stolen by the prisoners who set him

up.  (Compl. Form at 3.)  The gist of the allegation against Jared is that he had knowledge of this plot

two to three months before it materialized and he did not make anyone aware of the impending

events.  According to Commeau, he learned from one of the corrections officers that the caseworker,

Jared, had been negligent in failing to report this scheme to security "as soon as he caught wind of

it."  (Compl. ¶10.)

        In order to state a claim against Jared for a constitutional violation under 42 U.S.C. § 1983,

Commeau  must allege facts that give rise to plausible inference that Jared was deliberately

indifferent to a serious risk that Commeau would be subject to violence at the hands of other

prisoners.  See  Farmer v. Brennan, 511 U.S. 825, 833 (1994).  An Eighth Amendment claim has

both an objective component that requires the deprivation to be sufficiently serious and a subjective

component that demands the defendant's culpable state of mind rise to the level of deliberate

indifference.  Id. at 834.

        Commeau's complaint, accepting all of his allegations as true, does not meet the objective

component because Commeau's claim of emotional injury does not reflect the deprivation of "the

minimal measures of life's necessities."  Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also

Babcock v. White, 102 F.3d 267, 272 (7th Cir. 1996) ("[W]e nevertheless believe that it is the

reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable

claim under the Eighth Amendment.")  Commeau's claim of embarrassment and humiliation because

he was tricked into delivering illegal DVD's and threatened with an assault does not give rise to an Eighth Amendment claim.

Commeau's claim for lost personal property also does not assume any constitutional proportion. Even if he had alleged that Jared had himself stolen the property, there would be no constitutional violation alleged. See Hudson v. Palmer, 468 U.S. 517 (1984) (unauthorized intentional deprivation of property by prison guard did not constitute constitutional violation). At worst Jared knew some inmates were planning to steal Commeau's property and did not promptly report that fact. While the corrections officer who spoke to Commeau might well believe Jared had acted irresponsibly in that situation, his conduct is not constitutionally actionable.

This complaint has another problem, in any event. Nowhere in his complaint does Commeau allege that he was actually assaulted or suffered any physical injury. Thus, even if Commeau had alleged a violation of a constitutional right, it is highly unlikely that he would be able to recover monetary damages under 42 U.S.C. § 1997e(e). Shaheed-Muhammad v. Dipaolo, 138 F.Supp.2d 99, 107 (D. Mass. 2001) ("Where the harm that is constitutionally actionable *is* physical or emotional injury occasioned by a violation of rights, § 1997e(e) applies. In contrast, where the harm that is constitutionally actionable is the violation of intangible rights-regardless of actual physical or emotional injury-section 1997e(e) does not govern."). Because Commeau alleges that Jared violated his constitutional right by allowing him to be embarrassed and humiliated by the conduct of other inmates, the harm is quintessentially physical or emotional injury occasioned by a violation of rights and Commeau would be required to prove physical injury to recover monetary damages.

**Conclusion**

Based upon the foregoing I recommend that this prisoner complaint be summarily dismissed[1] pursuant to 28 U.S.C. § 1915A(b)(1-2) because it fails to state a claim upon which relief can be granted as to all defendants and because it seeks monetary relief from defendants, the State of Maine and its agencies, who are immune from such relief.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 28, 2009.

---

[1] While in some cases I am reluctant to recommend dismissal without first alerting the *pro se* prisoner to the pleading deficiencies, in this case there is no hint that Commeau could cure what ails this complaint.  In any event, my recommendation is simply that, and Commeau may raise new facts in conjunction with any objection to this order, thus meeting the procedural protections of  Neitzke v. Williams, 490 U.S. 319, 328-331 (1989).  See Purvis v. Ponte, 929 F.2d 822, 826 (1st Cir. 1991).